IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 5:25-cr-11 (MTT) |
| ) | |
| JOSE CORDOVA-CHAN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant Jose Cordova-Chan has been indicted for illegal reentry under 8 U.S.C. § 1326(a) and is detained in the custody of the U.S. Marshal pursuant to a pretrial detention order issued under the Bail Reform Act. Docs. 1; 14. Cordova-Chan seeks an order to prevent the government from removing him from the Middle District of Georgia, the State of Georgia, or the United States without prior notice, a hearing, and court approval. Doc. 16. For the following reasons, that motion (Doc. 16) is **DENIED**.

## I. BACKGROUND

On March 12, 2025, a federal grand jury indicted Jose Cordova-Chan for illegal reentry under 8 U.S.C. § 1326(a). Doc. 1. A warrant for his arrest was issued and executed by an agent of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") on April 15, 2025. Doc. 5. Cordova-Chan had his initial appearance on April 16, 2025, and acknowledged that he is subject to an immigration detainer issued by ICE. Docs. 7; 14. The detainer indicates ICE intends to resume custody of Cordova-Chan after the resolution of his criminal case to determine his admissibility or removability. Doc. 23-1. No removal order has been entered, and ICE has not expressed intent to assert custody before the criminal case is resolved.

Cordova-Chan waived his right to a detention hearing and consented to pretrial detention under the Bail Reform Act, 18 U.S.C. § 3142(e).[1]  Doc. 7.  The pretrial detention order states that Jose Cordova-Chan is to remain in the custody of the United States Marshal pending trial and commits Cordova-Chan to the custody of the Attorney General or her designee for confinement in a corrections facility.  Doc. 14.  Cordova-Chan remains in the custody of the U.S. Marshal in the Middle District of Georgia.

## II. DISCUSSION

On April 22, 2025, Cordova-Chan filed a motion for an order prohibiting any federal or state agency from removing him from the Middle District of Georgia, the State of Georgia, or the United States without prior court approval.  Doc. 16.  He argues that such relief is necessary to ensure his criminal prosecution proceeds without interruption and to protect his constitutional rights.[2]  *Id.*  To obtain injunctive relief, Cordova-Chan must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest."  *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011); *see* Doc. 24 at 3.  The government argues Cordova-Chan has not satisfied the criteria for injunctive relief because his concerns are speculative and not supported by evidence of imminent harm.  Doc. 23 at 9-10.  The Court agrees.

---

[1] "With the advice of counsel, Defendant waived opposition to the [government's] detention motion … reserving the opportunity to revisit the Government's motion on the merits at Defendant's request."  Doc. 14 at 1.

[2] The government argues that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) to interfere with the government's ability to commence removal proceedings, adjudicate cases, or execute removal orders.  Doc. 23 at 6-7.  However, Cordova-Chan's motion does not challenge removal orders issued under the Immigration and Nationality Act ("INA").  Docs. 16; 24 at 1-3.

Cordova-Chan claims he is at risk of imminent harm due to the Administration's recent history of engaging in extra-judicial removals of individuals from the United States without due process. Docs. 16; 24. He cites *Abrego Garcia v. Noem*, No. 8:25-cv-00951-PX (D. Md., March 24, 2025) and *D.V.D. et al v. U.S. Dep't of Homeland Security et al*, No. 1:25-cv-10676-BEM (D. Mass., March 23, 2025) as examples of cases where he claims the government removed individuals without proper notice or legal safeguards. Docs. 16 at 3; 24 at 4-5. According to Cordova-Chan, these actions show a pattern of behavior that renders his concerns of removal without due process actual and imminent rather than speculative or remote. Doc. 24 at 4-7. However, Cordova-Chan is currently in the custody of the Marshal under a pretrial detention order issued pursuant to 18 U.S.C. § 3142(e). This order ensures that Cordova-Chan remains in the Marshal's custody during the pendency of his criminal prosecution unless the Court modifies the terms of his detention or the criminal case is resolved. Doc. 14. Unlike this case, neither *Abrego Garcia v. Noem* nor *D.V.D. v. U.S. Dep't of Homeland Security* involved a pretrial detention order issued pursuant to the Bail Reform Act, 18 U.S.C. § 3142(e)—which prevents ICE or any other agency from taking custody of Cordova-Chan without a court order authorizing such a transfer. Doc. 23 at 8; *see* Doc. 24 at 2. Finally, unlike *Abrego Garcia v. Noem* and *D.V.D. v. U.S. Dep't of Homeland Security*, Cordova-Chan is not subject to any removal order, nor has ICE attempted to remove him in violation of any court order. Although ICE has issued an immigration detainer indicating its intent to resume custody of Cordova-Chan after the criminal proceedings conclude, there is no evidence or indication that ICE intends to assert custody or remove him before the resolution of his criminal case.

In short, Cordova-Chan has not demonstrated that an injunction is necessary to prevent an imminent threat of harm because he is currently in the custody of the U.S. Marshal under a pretrial detention order, and ICE cannot remove him without a court order or resolution of his criminal case. Consequently, Cordova-Chan's concerns about extra-judicial removal are speculative and unsupported by the facts of his case. For the foregoing reasons, Cordova-Chan's motion for injunctive relief (Doc. 16) is **DENIED**. However, the Court orders the government to immediately inform the Court if the government intends to remove Cordova-Chan from the custody of the U.S. Marshal prior to the resolution of this case.

**SO ORDERED**, this 29th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT